IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:17CR114 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| NICHOLAS MARTIN, | ) | UNITED STATES' RESPONSE IN |
| | ) | OPPOSITION TO MOTION FOR BOND |
| Defendant. | ) | PENDING SENTENCING |
| | ) | |

The United States of America, by its counsel, Justin E. Herdman, United States Attorney, and Karrie D. Howard, Assistant United States Attorney, respectfully submits this response in opposition to Defendant Nicholas Martin's Motion for Bond.  (R. 34: Motion).  For the reasons that follow, Defendant's Motion should be denied without a hearing.

**I.      BACKGROUND**

On March 2, 2017, Officers with the Cleveland Police Department found Defendant Nicholas Martin asleep in the driver's seat of a car stopped at a traffic light in the City of Cleveland.  When the officers approached the car, they immediately observed a firearm on the car's front passenger seat.  The officers also found a pill bottle with suspected narcotics, which Defendant claimed were for personal use.  Defendant informed the officers that he had consumed

a bottle of Hennessey and two Percocet pills. A records check revealed that Defendant had been previously convicted of numerous drug related offenses and several crimes of violence.

On March 29, 2017, Defendant was indicted for being a Felon in Possession of a Firearm or Ammunition in violation of 18 U.S.C. § 922(g)(1). (R. 1: Indictment). The Indictment alleged that, on March 2, 2017, Defendant knowingly possessed, in and affecting interstate commerce a SCCY, Model CPX-2, 9mm pistol, serial number 246659, and ammunition, subsequent to having been convicted of offenses punishable by a term of imprisonment exceeding one-year.

At arraignment, on April 24, 2017, the government moved for Defendant's detention. Defendant, after being advised of the nature of the charge and of his rights, under the advice of counsel, waived his right to a detention hearing and consented to detention. (R. 13: Waiver of Detention Hearing and Or.). Defendant reserved the right to raise the issue of his detention at a later date only if circumstances changed. (*Id.*)

On October 18, 2017, Defendant pleaded guilty, without a plea agreement, to a one-count Indictment charging him with being a felon in possession of a firearm or ammunition. (Mins. of Change of Plea Hearing; *see also* R. 1: Indictment). Defendant now seeks release pending sentencing. (R. 34: Motion).

**II.    LAW AND ANALYSIS**

18 U.S.C. § 3143(a) governs the release or detention of a person pending sentence. Under this provision:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is

>not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1).

Defendant is not entitled to release pending sentence under this standard. Defendant has pleaded guilty and has presented no facts that would permit this Court's finding by clear and convincing evidence that he is not likely to flee or does not pose a danger to the community. At arraignment, Defendant knowingly and voluntarily waived his right to a detention hearing and consented to an order of detention. Moreover, the Detention Order specifically provided that Defendant reserved the right to raise the issue of detention again only if there was a change in circumstances. Defendant's Motion does not allege any changed circumstances sufficient to modify or amend the Court's detention order. To the contrary, Defendant merely asserts his desire to "spend some time with his children." (R. 34: Motion). There has been no change in circumstances to warrant Defendant re-raising the issue of detention in this case.

Indeed, the only fact that has changed since the previous detention order is that Defendant has now pleaded guilty to the charged offense. His guilty plea disposes of the presumption of innocence that would have attached during an initial detention hearing. *See* 18 U.S.C. § 3142(j). It also heightens his risk of nonappearance should he be released. Defendant thus cannot establish a right to re-raise the issue of detention.

## III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that Defendant Nicholas Martin's Motion for Bond should be denied in its entirety without a hearing.

           Respectfully submitted,

           JUSTIN E. HERDMAN
           United States Attorney

By: /s/ Karrie D. Howard
    Karrie D. Howard (OH: 0082858)
    Assistant United States Attorney
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3804
    (216) 522-8355 (facsimile)
    Karrie.Howard@usdoj.gov

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November 2017 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Karrie D. Howard
Karrie D. Howard
Assistant U.S. Attorney